

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00373-CV
_____

### IN THE INTEREST OF T.R. AND R.R., MINOR CHILDREN

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court No. 7734; Honorable Stuart Messer, Presiding

February 24, 2014

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Patrick,[1] appeals the trial court's order terminating his parental rights to his children, T.R. and R.R.[2] In a single issue, he asserts the evidence supporting termination of his rights as being in the best interest of the children is legally and factually insufficient. We affirm.

---

[1] To protect the parents' and children's privacy, we refer to Appellant by his first name only and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2013). *See also* TEX. R. APP. P. 9.8(b).

[2] At trial, T.R. was four years old and R.R. was nearly three years old. The parental rights of the children's mother were also terminated; however, she does not appeal that order.

BACKGROUND

The Texas Department of Family and Protective Services filed its *Petition for Protection of a Child, For Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship* on August 1, 2012, and amended its petition on July 8, 2013. After a bench trial, the trial court entered an *Order of Termination* on October 11, 2013, terminating Patrick's parental rights based on findings that Patrick engaged in acts under section 161.001(1)(D), (E), (F), (O), and a finding that termination was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (L), (N), (O) and (2) (West Supp. 2013).[3] Patrick does not challenge the trial court's predicate findings under section 161.001(1). He only challenges the trial court's best interest finding under section 161.001(2).

## STANDARD OF REVIEW

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly construed in favor of the parent. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002) (holding that "[j]ust as it is imperative for courts to recognize the constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to

---

[3] Throughout the remainder of this opinion, provisions of the Texas Family Code will be cited as "section ___" and "§ ___."

protect that right."). *See* § 153.001(a)(2) (providing that "[t]he public policy of this state is to . . . provide a safe, stable, and nonviolent environment for the child").

The standard of review in parental rights termination proceedings is clear and convincing evidence. *In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002). This heightened standard of review is mandated not only by the Family Code, *see* § 161.001, but also the Due Process Clause of the United States Constitution. *In re E.N.C.,* 384 S.W.3d 796, 802 (Tex. 2012). Evidence is clear and convincing when the proof is such that it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established by the Department. § 101.007. *See also In re C.H.,* 89 S.W.3d at 25-26.

"The distinction between the legal and factual sufficiency when the burden of proof is clear and convincing may be a fine one in some cases, but there is a distinction in how the evidence is reviewed." *In re J.F.C.,* 96 S.W.3d at 266. In a termination case, we review legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the fact finder's determination and will uphold a finding if a reasonable fact finder could have formed a firm belief or conviction that those findings are true. *In re E.N.C.,* 384 S.W.3d at 802 (citing *In re J.F.C.,* 96 S.W.3d at 266). To give appropriate deference to the fact finder's conclusions, we must assume the jury resolved all disputed facts in favor of those findings if it could reasonably do so. *Id.* An appellate court should disregard all evidence a reasonable fact finder could have disbelieved or found incredible. *Id.* If, after conducting a legal sufficiency review, a court determines that no reasonable fact finder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally insufficient. *Id.*

When reviewing the factual sufficiency of the evidence in a parental termination case, we view all of the evidence in a neutral light and determine whether a reasonable fact finder could form a firm belief or conviction that a given finding was true. *In re C.H.,* 89 S.W.3d at 18-19. We assume the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so and disregarded evidence that a reasonable jury would have disbelieved or found incredible. *In re J.F.C.,* 96 S.W.3d at 266. Evidence is factually insufficient if, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that the fact finder could not reasonably have formed a firm belief or conviction in that finding. *Id.*

"As in a legal sufficiency review, it is the fact finder who is responsible to resolve the conflicts in the testimony and pass upon the credibility of witnesses." *In re A.L.D.H.,* 373 S.W.3d 187, 194 (Tex. App.—Amarillo 2012, pet. denied). *See In re J.P.B.,* 180 S.W.3d 570, 573 (Tex. 2005) (*per curiam)* (witness credibility issues "that depend on appearance and demeanor cannot be weighed by the appellate court").

The Family Code permits a trial court to terminate parental rights if the Department proves by clear and convincing evidence that the parent committed an act prohibited under section 161.001(1) and termination is in the child's best interest. § 161.001(1), (2); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). In addition to a finding that termination is in the child's best interest, a finding of only one ground alleged under section 161.001(1) is sufficient to support an order of termination. *In re E.N.C.*, 384 S.W.3d at 803; *In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.). *See* § 161.001(1), (2).

4

Therefore, we will affirm the termination order if the evidence is both legally and factually sufficient to support any statutory ground upon which the trial court relied in terminating parental rights as well as the best interest finding. *In re E.A.G.*, 373 S.W.3d 129, 141 (Tex. App.—San Antonio 2012, pet. denied).

## BEST INTEREST OF THE CHILD

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* § 161.001(2). Even though there is a strong presumption that the best interest of a child will be served by preserving the parent-child relationship, *see In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (*per curiam*), the focus is on the best interest of the child—not the best interest of the parent. *See Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ). The prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. *See* § 263.307(a).

The same evidence of acts or omissions used to establish grounds for termination under section 161.001(1) may be probative in determining the best interest of the child. *In re C.H.*, 89 S.W.3d at 28. Also, evidence offered concerning the amount of contact between the parent and the child, the parent's ability to provide financial support and the quality of care rendered by the child's caregiver are all relevant to determining whether termination is in the best interest of the child. *Id.*

A list of factors to consider in deciding best interest is found at section 263.307(b) of the Family Code. In addition, in *Holley v. Adams*, the Texas Supreme Court provided a non-exhaustive list of factors a fact finder might consider in determining the best interest of a child, including: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the child's best interest; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley*, 544 S.W.2d at 371-72. These factors are not, however, exhaustive and there is no requirement that the Department prove all, or even a majority, of these factors as a condition precedent to parental termination. *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 619 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *In re C.H.*, 89 S.W.3d at 27).

## ANALYSIS

Here, Patrick contends that, although he has used drugs in the past, he has recently maintained a drug-free lifestyle after serving time in a rehabilitation facility. He currently lives in a shelter and intends to provide for his children by working as a day laborer. In the past, he has been unable to attend counseling sessions because he could not obtain bus fare; however, he believes he would benefit from additional parenting classes and counseling. His plan for fulfilling his children's emotional and

physical needs is to love them and care for them when they get hurt. He also plans to protect his children the best he can.

The State's evidence indicates Patrick's children were removed in August 2012 for neglectful supervision, a chronic pattern of instability and their parents' continued drug use. When the children were removed, Patrick threatened a deputy with a knife and was arrested for terroristic threat, disorderly conduct and domestic violence. When he arrived at jail, he twice made the statement he would kill himself and was taken to a hospital. In November, a psychologist evaluated Patrick and diagnosed him as having major depression—recurrent and severe without psychotic feature. He opined that it was very doubtful Patrick could have the capability to function as an adequate parent for the children in the foreseeable future.

Prior to the children's removal, Patrick had a history of drug use since he was a teenager. Since their removal, in April 2013, Patrick was evaluated at the Texas Panhandle Center in Amarillo and admitted to using marijuana, cocaine, alcohol and injected methamphetamine in the past twelve months. He also admitted to using prescription pain medication during the pendency of the case, tested positive for marijuana and reported using methamphetamine in June 2012.

Patrick saw a licensed counselor for six sessions beginning in November 2012 and ending in January 2013. He admitted to the counselor he hadn't taken his medication for depression for several months. Although he could verbalize the need to establish stable housing and employment, he did not take any steps to address the

issues. Additional counseling was recommended but Patrick did not follow through. The counselor opined Patrick was not capable of taking care of his children.

When Patrick was informed in June 2013 that the permanency goal for his children had changed from family reunification to termination and relative adoption, Patrick became very upset, threatened to commit suicide, kill everyone in the courthouse with a pistol and then himself. Also, in June, he admitted to using hydrocodone, smoking marijuana and drinking alcohol excessively within a short period after leaving a drug treatment facility. He re-entered the drug treatment facility in June, completed the required thirty days but failed to comply with outpatient treatment, i.e., he attended two weeks of a twelve week program. In addition, Patrick has made no court-ordered child or medical support payments.

In his behalf, Patrick offers a number of excuses. He finds it hard to obtain employment because of a 2006 theft conviction; spends a lot of time in bed because his teeth are bad and he is depressed; homeless because of false allegations he was growing marijuana in his last apartment; allowed his food stamps to lapse because his wife did not re-apply; threatened a Department case worker because he was not on his medicine; and currently does not believe he should be on any medication for depression.

Rather than address his parenting responsibilities and reclaim his children by working his services, Patrick blames his lack of parenting on events beyond his control while minimizing his role in bringing about the present situation. Neither does he have any concrete plan to provide emotional or physical care for the children. The State's

8

evidence, on the other hand, indicates that, since their removal, the children have made "great strides"—thriving in their foster home. The Department employees opined termination was in the children's best interest and their permanency goal is for the children to be adopted together.

Evidence of a parent's unstable lifestyle can support a fact finder's conclusion that termination is in a child's best interest and "[a] parent's drug use, inability to provide a stable home, and failure to comply with a family service plan support a finding that termination is in the best interest of the child." *In re M.R.,* 243 S.W.3d 807, 821 (Tex. App.—Fort Worth 2007, no pet.). *See In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009) (stating that a recent, short-term improvement does not conclusively negate the probative value of a long history of drug use and irresponsible choices); *Perez v. Tex. Dep't of Protective & Regulatory Servs.,* 148 S.W.3d 427, 436 (Tex. App.—El Paso 2004, no pet.) (drug addiction and its effect on a parent's life and ability to parent may establish an endangering course of conduct sufficient to support termination of parental rights). Patrick's drug-use, depression, tendency toward violence to resolve problems and inertia where the well-being of his children is concerned, was sufficient for a reasonable fact finder to form a firm belief or conviction that it was in the children's best interest to terminate Patrick's parental rights.

Further, because prompt and permanent placement of a child in a safe environment is presumed to be in the child's best interests, *see* § 263.307(a), the conclusions and credibility determinations that the fact finder made, or inferred, were reinforced by the testimony of the Department's witnesses. *In re J.O.A.,* 283 S.W.3d at 346; *In re J.P.B.*, 180 S.W.3d at 573. On the basis of this record, we conclude the

9

evidence is legally and factually sufficient to support the best interest finding, and overrule Patrick's single issue.

## CONCLUSION

The trial court's order is affirmed.

Patrick A. Pirtle
Justice